UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-CV-60866-RAR

WILLIE STEPHENS,

      Plaintiff

v.

CINTAS CORPORATE SERVICES, INC.,
a Foreign Profit Corporation,

      Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff, WILLIE STEPHENS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, CINTAS CORPORATE SERVICES, INC. ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for discriminatory treatment and retaliation under the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") and under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida. Plaintiff is a covered employee for purposes of the FCRA.

4. Plaintiff was employed by Defendant, having a place of business in Broward County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in the Southern District of Florida because all of the actions that form the basis of this Complaint occurred within Broward County, Florida and payment was due in Broward County, Florida.

6. Defendant was "person" and/or "employer" pursuant to Title VII and the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statutes, Title VII and the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Title VII and the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and is subject to the employment discrimination provisions of the applicable statutes. Title VII and the FCRA.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Plaintiff requested and received a Dismissal and Notice of Rights letter from the Equal Employment Opportunities Commission, dated April 5, 2022. A copy of the Dismissal and Notice of Rights is attached hereto. *See Exhibit A.*

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff performed work for Defendant as an unloader/loader from on or about January 2016 until on or about March 2020. Plaintiff's job duties included, but were not limited to, unloading trucks, removing rags, cleaning, loading trucks, and other related tasks.

13. On or about the beginning of 2019, Robert Shurtte became Plaintiff's supervisor.

14. Shurtte began to make constant unwanted sexually suggestive comments to Plaintiff, which included, but were not limited to, "Come and give me a hug," "Come and sit on my lap," and several other remarks with a similarly sexually suggestive tone as these that made Plaintiff feel uncomfortable to be at work and especially uncomfortable to be around Shurtte. These comments were regular, repeated, and continuous from the time Robert Shurtte became Plaintiff's supervisor.

15. On or about early 2020, while Shurtte was speaking to a client, he had asked the Plaintiff to come over. Shurtte began to unbutton Plaintiff's shirt, doing so in a dominating and degrading manner. Plaintiff became uneasy and upset with the disrespectful way in which Shurtte was treating him, telling Robert to stop it. Shurtte then began to make fun of Plaintiff to the client because of the Plaintiff's reaction to the improper and unwanted conduct.

16. After this incident, Shurtte had seemingly tried to make amends with Plaintiff by saying he and Plaintiff would wipe the slate clean and get a fresh start. However, Shurtte's words were undermined by his actions, as Shurtte then went behind Plaintiff's back and continued to speak poorly about Plaintiff to Plaintiff's co-workers.

17. Shurtte's behavior worsened throughout 2020, as he continued to constantly make sexually charged, homosexual jokes to Plaintiff and about Plaintiff in the presence of Plaintiff's other coworkers.

18. Shurtte's inappropriate conduct and jokes would make Plaintiff extremely uncomfortable to be at work, to the point where he would dread the harassment and abuse he was sure he would face each day he went to work for Defendant.

19. Plaintiff complained to the Human Resources department on or about March 2020 about the constant humiliating and upsetting treatment to which he had been subjected by Shurtte, but Plaintiff's complaints were never meaningfully addressed and the conduct complained of herein did not end.

20. Then, shortly after, on or about April 2, 2020, Defendant informed Plaintiff that he was being sent home without pay until further notice. Plaintiff had not received any subsequent communications from Defendant regarding his return or continued employment. Thus, Plaintiff was terminated and no longer worked for Defendant as of this date.

21. Throughout Plaintiff's employment, Plaintiff always performed the essential functions of his job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels. Plaintiff had not received any warnings or complaints about his job prior to termination.

22. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

23. Plaintiff has retained the undersigned counsel to represent him in this matter so that his rights and interests may be protected. As such, Plaintiff has thus become obligated to provide the undersigned with a reasonable attorney's fee.

### COUNT I
*Discrimination based on Sex in Violation of the FCRA*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 23 of this Amended Complaint as if set out in full herein.

25. Plaintiff is a member of a protected class under the FCRA.

26. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity.

27. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex.

28. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon sex or sex-conformity considerations or reasons.

29. The Plaintiff is a male former employee of Defendant and he possessed the requisite qualifications and skills to perform his position with Defendant.

30. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on his sex by his supervisor.

31. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a male.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the FCRA;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d.  Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position, including full fringe benefits and seniority rights;

e.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

f.  Grant Plaintiff's costs of this action, including reasonable attorney's fees; and

g.  Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *Sex Discrimination in Violation of Title VII*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this Amended Complaint as if set out in full herein.

40. Plaintiff is a member of a class of persons protected in their employment against unlawful discrimination under Title VII, to wit he is a male former employee of Defendant.

41. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to animosity based on sex.

42. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a male.

43. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

44. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

45. Defendant retained all employees who exhibited discriminatory conduct toward the

Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

46. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of his rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

47. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

48. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

49. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT III</u>
***Retaliation in Violation of the FCRA***

50.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this Amended Complaint as if set out in full herein.

51.  Defendant is an employer as that term is used under the applicable statute, the FCRA.

52.  By the conduct described above, Plaintiff has established a cause of action for unlawful retaliation after Plaintiff reported his complaints and opposition to the herein described unlawful employment practices adversely affecting him to Defendant, and then Defendant retaliated against Plaintiff for exercising rights protected under the FCRA thereafter, as related in part above.

53.  Defendant's conduct complained of herein was purposeful and in disregard of Plaintiff's protected rights.

54.  Plaintiff is a member of a protected class under the FCRA because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

55.  As a direct and proximate result of the foregoing acts and omissions, as alleged herein, Plaintiff has been deprived of his rights, and has suffered mental anguish, emotional distress,

expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

56.    These damages are continuing and permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a.    Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.    Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.    Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**<u>COUNT IV</u>**
***Retaliation in Violation of Title VII***

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this Amended Complaint as if set out in full herein.

58.    Defendant is an employer as that term is used under the applicable statute, Title VII.

59.     By the conduct described above, Plaintiff has established a cause of action for unlawful retaliation after Plaintiff reported his complaints and opposition to the herein described unlawful employment practices adversely affecting him to Defendant, and then Defendant retaliated against Plaintiff for exercising rights protected under Title VII thereafter, as related in part above.

60.     Defendant's conduct complained of herein was purposeful and in disregard of Plaintiff's protected rights.

61.     Plaintiff is a member of a protected class under Title VII because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

62.     As a direct and proximate result of the foregoing acts and omissions, as alleged herein, Plaintiff has been deprived of his rights, and has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

63.     These damages are continuing and permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a.  Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: <u>May 25, 2022</u>                                Respectfully submitted,

*/s/ Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Fla Bar No.: 1026565
cseldin@rgpattorneys.com
***Remer & Georges-Pierre, PLLC***
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

# **<u>EXHIBIT A</u>**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/05/2022

**To:** Willie Stephens
130 Nw 48th Street
Miami, FL 33127
Charge No: 510-2020-03647

EEOC Representative and email:    MICHAEL MATHELIER
Investigator
Michael.Mathelier@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because you have already filed a lawsuit in a state court on this matter.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2020-03647.

On behalf of the Commission,

Digitally Signed By:Roberto Chavez
04/05/2022
Roberto Chavez
Acting Director

**Cc:**
Shoania Vergara
CINTAS
vergaras@cintas.com

Caroline K Musekamp
Keating Muething & Klekamp PLL
cmusekamp@kmklaw.com

Remer Georges-Pierre PLLC
REMER & GEORGES-PIERRE, PLLC
ad@rgpattorneys.com


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2020-03647 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.